At a subsequent term the opinion of the Court was read, as drawn up by
Parker C. J.
It is very clear, by the 32d article of St. 1809, c. 108, § 34, that a certificate of the surgeon of a regiment, of the inability of any non-commissioned officer or private, is not to he received as conclusive evidence. If such certificate is produced to the commanding officer, he may excuse, but is not obliged to do it if the evidence of the fact is not satisfactory to him.[1]
It is intended by the legislature, that within the time prescribed, which is twenty days after the training, according to St. 1821, c. 92, all persons claiming to be excused on ac count of sickness or other disability, shall present their excuses, with the evidence, to the commanding officer, in order that if it shall be satisfactory, the expense of a prosecution ‘ may he avoided. But if the officer should not excuse, the case should be tried by the magistrate in the ordinary way. Now, if the magistrate is to try, his judgment upon competent evidence cannot be called in question, for it is only upon some error in law that this Court can act on *259 certiorari. The defendant must prove his inability, in order to avoid the penalty.
The captain might well doubt the sufficiency of the excuse offered, from the terms of the certificate made by the surgeon, which, whether intended to be so or not, are altogether equivocal. “ This certifies that Alfred Johnson complains of pain and weakness in his breast occasioned by a severe strain, which he says renders him unfit for his usual business and unable to perform hard labor; this being the case, he ought, in my opinion, to be excused from militia duty this season.” That is, it being the case that he thus complains and says, or provided this be the case, then in my opinion, &c. There is no assertion of fact, or even opinion, and therefore the certificate ought to have been, as it was, disregarded. [1]
The other objection, which relates to the non-enrolment of the defendant, we think is fatal. The justice certifies that his name was not on the roll for the year in which the offence is charged against him, but was on the rolls of preceding years. Whether a new enrolment annually is necessary or not, we do not determine : but when such new enrolment is made, it supersedes all previous ones. The law of congress recited in the militia act of 1809, c. 108,[2] requires that all hable to do militia duty, shall be enrolled, so that none can be subjected to penalties for neglect of duty whose names are not on the roll. The enrolment is the evidence, and essential evidence, of the liability to do militia duty.[3] It is in fact the register of the individuals who compose the company. No case of prosecution for a penalty can be maintained without producing the enrolment, and none are considered as belonging to the company whose names are not to be found there; for there being many exempts, and many within the lim.ts of the company who belong to independent companies, those who actually belong to the militia company should be registered as such. Now as the enrolment is conclusive evi *260 dence of the persons liable to do militia duty, it must bear the names of all the company. All who come within the limits are to be added. They might perhaps be added to the enrolment of the preceding year, but if a new one is made out, it supersedes the old, and none but those whose names are found thereon can be called upon. The probability is, that this man was left out on account of his infirmity, and being omitted, he must be considered as not hable, until he shall bi again enrolled. So that for this cause the proceedings must be quashed.

 See Cobb v. Lucas, 15 Pick. 5.

 The form and effect of this certificate is now regulated by statute. See Revised Stat. c. 12, § 2, 112, pp. 101,128.

 See Revised Stat. c. 12, § 5.

 See Carter v. Carter, 3 Fairfield, 289.